# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **NANCY DELAPP,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15CV00020 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **SHEARER'S FOODS, INC.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Charlton R. Devault, Jr., Kingsport, Tennessee, and Michael E. Large, Large & Associates, Bristol, Tennessee, for Plaintiff; W. Eric Baisden and Josephine S. Floyd, Hahn Loeser & Parks, LLP, Cleveland, Ohio, and Patice L. Holland, Woods Rogers PLC, Roanoke, Virginia, for Defendant.*

After prevailing against a former employee on her race discrimination and retaliation claims under the 1964 Civil Rights Act and § 1981, the employer has moved for taxation of costs, to which the plaintiff objects.

I.

This matter is before the court on the plaintiff's objections to the defendant's bill of costs, which have been fully briefed. On February 26, 2016, the court granted summary judgment in favor of the defendant, Shearer's Foods, Inc. ("Shearer's"). On March 11, 2016, Shearer's filed a motion to tax costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure as the prevailing party in this

action.  Shearer's seeks $1,637.68 in total costs from the plaintiff.  The plaintiff timely objected to the taxation of costs, seeking a reduction of various deposition costs and copying fees.  For the reasons discussed below, the plaintiff's objections are SUSTAINED in part and OVERRULED in part.  Accordingly, Shearer's bill of costs is GRANTED in part and DENIED in part, and Shearer's shall be allowed costs in the amount of $901.25.

II.

Rule 54 of the Federal Rules of Civil Procedure mandates that costs other than attorneys' fees be allowed to the prevailing party, unless the court otherwise directs.  Fed. R. Civ. P. 54(d).  "While the district court has the discretion to deny an award of costs, it must articulate some good reason for doing so, as the language of Rule 54(d)(1) gives rise to a presumption that costs are to be awarded to the prevailing party."  *Washington v. Kroger Ltd. P'ship I,* No. 3:11-CR-00074, 2013 WL 439851, at *1 (W.D. Va. Feb. 5, 2013).

Under United States Code, Chapter 28, Section 1920, the court may tax certain litigation costs incurred by the prevailing party against the losing party.  "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."  *Kennedy v. Joy Techs., Inc.,* 484 F. Supp. 2d 502, 503 (W.D. Va. 2007) (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987)).  The costs under § 1920 include:  (1) fees of

the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and copies of papers necessarily obtained for use in the case. To recover these costs, the prevailing party must file a bill of costs, which, upon allowance, shall be included in the judgment or decree. 28 U.S.C. § 1920. Additionally, § 1924 requires that the party submitting the bill of costs aver that the bill is "correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924.

Since summary judgment was granted in favor of Shearer's, it is the prevailing party entitled to recover costs. As such, Shearer's bears the burden of showing that the requested costs are allowable under § 1920. *Cofield v. Crumpler,* 179 F.R.D. 510, 514 (E.D. Va. 1998). Once the prevailing party has carried its burden, the burden then shifts to the losing party to identify any impropriety of taxing the proposed costs. *Francisco v. Verizon S., Inc.,* 272 F.R.D. 436, 441 (E.D. Va. 2011).

A. Deposition Costs.

The parties first dispute the amount that should be awarded in deposition costs. Shearer's contends it is owed $1,595.20 for costs associated with the deposition of the plaintiff. This total includes the cost of the original transcript, an expedited fee, the court reporter's attendance fee and mileage, and the cost for the

court reporter to prepare exhibits. The plaintiff argues that at most, Shearer's may be entitled to recover only the basic cost of the deposition transcript.

Section 1920(2) permits the prevailing party to recover costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Fourth Circuit has held that costs of a deposition, including transcript fees, should be awarded "when the taking of a deposition is reasonably necessary at the time of its taking." *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n,* 830 F.2d 522, 528 (4th Cir. 1987). "The basic standard to be applied in determining whether to allow the expense of a transcript as a taxable cost is whether it was necessarily obtained for use in the case, that is, whether it was necessary to counsel's effective performance and proper handling of the case." *Scallet v. Rosenblum,* 176 F.R.D. 522, 526 (W.D. Va. 1997) (citation omitted).

In the present case, I find that the deposition of the plaintiff was necessary to Shearer's understanding of the claims against it and in preparing its defense. "Certainly, the defendant[] needed to explore the complaint and the best party with whom to do such exploration would be the plaintiff." *Id.* at 528. I also conclude that obtaining the transcript of that deposition was necessary. "[T]he costs for a copy of a deposition transcript are also taxable if the deposition itself was reasonably necessary." *Adkins v. Crown Auto, Inc.,* No. 4:04CV00042, 2005 WL

2563028, at *2 (W.D. Va. Oct. 11, 2005). Therefore, the cost for the original deposition transcript in the amount of $684.25 shall be awarded to Shearer's.

The plaintiff contends that even if the basic cost of the deposition transcript is properly taxable, several ancillary costs included on the invoice should not be taxed. These costs include: (1) expedited preparation of the transcript; (2) copies of exhibits used in the deposition; (3) the court reporter's hourly attendance fee; and (4) the charge for the court reporter's mileage. I will address each of these in turn.

### 1. *Expedited fee.*

"[C]osts for expedited production are allowable when the recovering party can show necessity for the expedited service." *Nigro v. Va. Commonwealth Univ. Med. Coll. of Va.,* No. 5:09-CV-00064, 2012 WL 5378241, at *6 (W.D. Va. Oct. 31, 2012) (internal quotation marks and citations omitted). Shearer's argues that expedited production of the deposition transcript was necessary because the deposition was taken just a couple of weeks before the summary judgment deadline. The plaintiff responds that it was Shearer's own delay that made any expedited processing necessary.

Courts in the Fourth Circuit have held that fees for expedited deposition transcripts are taxable where depositions occurred within close proximity to a dispositive motion deadline. *See, e.g., Mann v. Heckler & Kock Def., Inc.,* No.

1:08CV611, 2011 WL 1599580, at *5 (E.D. Va. Apr. 28, 2011); *McAirlaids, Inc. v. Kimberly-Clark Corp.,* No. 7:12-CV-00578, 2014 WL 495748, at *10 (W.D. Va. Feb. 6, 2014); *Ford v. Zalco Realty, Inc.,* 708 F. Supp. 2d 558, 562 (E.D. Va. 2010); *Jafari v. Old Dominion Transit Mgmt Co.,* No. 3:08-CV-629, 2014 WL 108898, at *4 (E.D. Va. Jan. 10, 2014).

However, this is not a case where the parties were subject to a compressed discovery schedule, or where delay was due to circumstances outside of the defendant's control.[1] *See, e.g., McAirlaids, Inc.,* 2014 WL 495748, at *10 (holding that the condensed pre-trial schedule and looming deadlines provided reasonable justification for obtaining expedited service of the deposition transcripts); *Nobel Biocare USA, LLC v. Technique D'usinage Sinlab, Inc.,* No. 1:12CV730, 2013 WL 819911, at *3 (E.D. Va. Mar. 4, 2013) (holding that "[g]iven the short time frame that the parties had in which to conduct discovery and file their motions, the [opposing party's] delays in arranging for timely depositions necessitated the expedited production of deposition transcripts").

In this case, Shearer's had seven months from the time the magistrate judge entered the pretrial scheduling order to arrange its deposition of the plaintiff. Furthermore, certainly Shearer's knew at the beginning of the discovery period that

---

[1] Although Shearer's claims that scheduling conflicts and inclement weather delayed the date of the deposition, the record shows that Shearer's did not begin attempting to schedule its deposition of the plaintiff until a month prior to the summary judgment deadline. Shearer's does not account for the otherwise six-month delay.

-6-

taking the deposition of the plaintiff would be necessary to sufficiently prepare its defense of the case.  Therefore, I find that Shearer's has not shown that expedited delivery of the transcript was neccessary in this case and such cost is not properly taxable to the plaintiff.

    *2. Exhibits.*

Also included in the deposition invoice is a cost for the court reporter's preparation of the accompanying exhibits.  Shearer's argues that this cost is properly taxed under 28 U.S.C. § 1920(2) and (4) because the exhibits are "necessary and directly related to preparation of a deposition transcript."  (Def.'s Reply Br. Supp. Mot. Tax Costs 6-7, ECF No. 32.)

However, district courts in the Fourth Circuit have held that a prevailing party may not tax certain expenses associated with a deposition beyond the cost of the actual transcript itself, such as costs for the inclusion of exhibits, "as these are primarily for the convenience of counsel, who often has a copy of the exhibit at hand already."  *Scallet,* 176 F.R.D. at 529; *see also Centennial Broad., LLC v. Burns,* No. 6:06CV006, 2007 WL 1839736, at *2 (W.D. Va. June 22, 2007). Accordingly, I will deny the cost for the court reporter's preparation of exhibits in this case, and the total cost for obtaining the deposition transcript of the plaintiff shall be reduced by $43.20.

### 3. Court reporter attendance fee.

Shearer's also seeks to recover its court reporter appearance fees. The plaintiff argues that such fees are not properly taxed under 28 U.S.C. § 1920 because local court reporters charge a flat fee that is significantly less than the hourly fee charged by Shearer's court reporter.[2]

Pursuant to § 1920(2), costs are recoverable for the "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Cofield, 179 F.R.D. at 517. As previously discussed, Shearer's has demonstrated that the plaintiff's deposition was necessarily obtained for use in this case. Under the statute, recoverable costs include attendance fees of the court reporter. The Fourth Circuit has not considered whether to be taxable, a court reporter's attendance fee must be a flat or hourly rate. However, district courts in other circuits have held that hourly attendance fees are taxable. *See Monelus v. Tocodrian, Inc.,* 609 F. Supp. 2d 1328, 1338-39 (S.D. Fla. 2009) (holding that court reporter appearance fees of $95.00 for the first hour and $65.00 for each subsequent hour were recoverable); *Lewis v. City of Chi.,* No. 04 C 6050, 2012 WL 6720411, at *6 (N.D. Ill. Dec. 21, 2012) (holding that court reporter fees of $60.00 per hour are reasonable).

---

[2] The court reporter's total attendance fee was $210.00, which includes three and a half hours at a rate of $60.00 per hour.

In this case, the court reporter charged an hourly rate of $60.00 per hour. Such a fee is reasonable under the circumstances and is covered by § 1920(2). Therefore, I will award $210.00 in costs associated with the court reporter's attendance fees.

4. *Mileage.*

Finally, Shearer's contends that the cost of the court reporter's mileage is properly taxable to the plaintiff because it was a reasonably necessary cost of the court reporter's attendance. Shearer's cites *Ashland Hosp. Corp. v. RLI Ins. Co.,* No. 13-143-DLB-EBA, 2015 WL 5063184 (E.D. Ky. Aug. 26, 2015), in support of its argument. The court in *Ashland* found that a court reporter's mileage and parking fees were recoverable *as substitute fees* for a more general appearance fee, stating that "[a] prevailing party should not be punished because its court reporter or videographer delineated his or her expenses in lieu of cha[r]ging a general appearance fee." *Id.* at *5. Here, however, as discussed previously, Shearer's court reporter did charge a general appearance fee. Thus, Shearer's cannot claim that the mileage fee was "in lieu of cha[r]ging a general appearance fee." *Id.* Indeed, the mileage fee was a separate cost *in addition to* the hourly attendance fee.

Furthermore, at least two districts have held that mileage is not recoverable as a taxable cost incident to a deposition. *See Dublin Eye Assocs., P.C. v. Mass.*

-9-

*Mut. Life Ins. Co.,* No. 5:11-128-DCR-EBA, 2014 WL 5093306, at n.3 (E.D. Ky. Oct. 9, 2014); *McCabe v. United States,* No. 05-CV-73-LRR, 2008 WL 2980010, at *7 (N.D. Iowa July 22, 2008). In this case, because Shearer's has not explained, as is its burden, why it was reasonably necessary to hire a court reporter fifty miles away from where the deposition took place, I find that the mileage costs of the court reporter are not properly taxable against the plaintiff. Accordingly, I will sustain the plaintiff's objection to the taxation of these costs.

B. Copying Costs.

The parties next dispute the taxation of costs totaling $42.48 for charges related to copying and printing. "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(4). For the reasons discussed below, only a portion of Shearer's copying costs are properly taxed to the plaintiff.

Shearer's claims that it incurred copying costs "[i]n connection with the exchange of document productions during the discovery phase of this case . . . and preparation of materials to be used as exhibits during Plaintiff's deposition." (Mem. Supp. Mot. Tax Costs 6, ECF No. 30.) Shearer's also argues that copying costs are necessarily incurred in the pursuit of litigation, regardless of whether the materials are actually made part of the record. However, this court has held that a prevailing party may only be reimbursed for copies of documents it has submitted

to the court and provided to opposing counsel. *See Kennedy,* 484 F. Supp. 2d at 505. "Copies are not limited to just documents related to dispositive motions or produced documents at trial, but include discovery-related costs as well. . . . However, copies made merely for counsel's convenience ordinarily are not allowed." *Hanwha Azdel, Inc. v. C&D Zodiac, Inc.,* No. 6:12-CV-0023, 2015 WL 1417058, at *15 (W.D. Va. Mar. 27, 2015).

Here, Shearer's claims that it incurred copying costs totaling $42.48 for a total of 236 pages, copied in black-and-white at a rate of $0.18 per page. None of these costs have been itemized on Shearer's bill of costs and appear to be for copies produced in-house. However, Shearer's does state in its Motion to Tax Costs that seventy of the 236 total pages consisted of documents obtained by subpoena and produced to the plaintiff. Since a prevailing party may be reimbursed for copies provided to opposing counsel, Shearer's is entitled to recover the cost of these seventy pages.

The remaining 166 pages, however, have not been itemized, and therefore, Shearer's is not entitled to those costs. "[W]ith respect to copying costs, mere submission of a receipt, without any specification as to what was copied, does not warrant taxation." *Mann,* 2011 WL 1599580, at *7 (internal quotation marks and citation omitted). An itemized list that includes the date, what documents were copied, the number of copies, and the charge per copy is sufficient documentation

to support recovery of copying charges. *See Adkins,* 2005 WL 2563028, at *5. "The burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge." *Ford,* 708 F. Supp. 2d at 563.

Here, Shearer's has failed to document $29.88 of copying costs that it is requesting. Indeed, Shearer's bill of costs only generally describes the copying charges as "copying/printing fees" and fails to specify what documents were copied. (Def.'s Bill of Costs, ECF No. 30-2.) Additionally, the bill of costs provides no dates as to when such copies were made.[3] Only copying expenses incurred for submissions to the court or opposing counsel may be taxable. Without a sufficient itemization of these charges, I cannot properly determine the actual amount of expenses incurred from copies produced for the court and opposing counsel rather than incurred simply as a convenience to counsel.

Furthermore, Shearer's is charging $0.18 per page for black-and-white copies made in-house. Courts in the Western District of Virginia have previously held that $0.10 a page is a reasonable charge for photocopying fees under 28 U.S.C. § 1920. *See, e.g., McAirlaids, Inc.,* 2014 WL 495748, at *12; *Kelley v. Little Charlie's Auto Sales,* No. 4:04CV00083, 2006 WL 2456355, at *4 (W.D. Va. Aug. 22, 2006); *Adkins,* 2005 WL 2563028, at *5-6. I find no reason in this

---

[3] Instead, Shearer's bill of costs describes the date as "ongoing throughout litigation." (*Id*.)

case to deviate from those prior decisions. Accordingly, Shearer's copying charges will be reduced from $0.18 to $0.10 per page.

In sum, I will sustain the plaintiff's objection to taxation with repsect to 166 of the 236 total pages of copying costs not itemized in Shearer's bill of costs. Regarding the seventy pages identified as documents produced to the plaintiff, I will grant Shearer's claim for taxation of this cost, but reduce the amount for a total award of $7.00.[4]

### III.

In summary, for the foregoing reasons, Shearer's request for $1,637.68 in costs will be reduced by $603.75 for expedited transcript fees, by $43.20 for the court reporter's costs of preparing deposition exhibits, by $54.00 for the court reporter's mileage fees, and by $35.48 for copying fees, resulting in a total award of $901.25 in costs. The clerk is directed to tax this amount of costs as indicated.

It is so **ORDERED**.

ENTER: April 29, 2016

/s/ James P. Jones
United States District Judge

---

[4] This amount includes seventy pages copied at $0.10 per page.